UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE WRIGHT,

    Plaintiff        Case No. 2:16-12644
                District Judge Arthur Tarnow
v.                Magistrate Judge Anthony P. Patti

TERRANCE BUSH, *et al.*,

    Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 8)

This matter is before the Court for consideration of Plaintiff Willie Wright's

motion for appointment of counsel.  (DE 8.)  For the reasons that follow, Plaintiff's

motion is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings this

lawsuit under 42 U.S.C. § 1983, alleging claims of a lack of due process and

violations of the Equal Protection Clause of the United States Constitution

stemming from alleged reports made by Defendants to the public regarding

Plaintiff's escape/attempted escape from custody at the Detroit Medical Center.

(DE 1.)  He names five Defendants, including the Detroit Medical Center and four

members of the Wayne County Sheriff's Office. To date, the four sheriff's office

employees have filed an answer (DE 9) and a motion to dismiss (DE 10), each of which was filed on October 5, 2016.  The Detroit Medical Center has not answered or otherwise appeared.

Plaintiff filed this motion for appointment of counsel on September 23, 2016.  (DE 8.)  He asks the Court to appoint an attorney in this civil matter because he is unable to afford counsel and his imprisonment impinges on his ability to litigate the case successfully.

## II.   ANALYSIS

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.  Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)."  *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent

prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004). [1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

Applying the foregoing authority, Plaintiff has not described circumstances sufficient to justify a request for appointment of counsel.  Plaintiff contends that he is indigent and unable to afford counsel and that his imprisonment will limit his ability to litigate this case, especially his ability to engage in discovery.  Such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances.  Further, the claims in Plaintiff's complaint do not appear to involve especially complex issues.  Moreover, Plaintiff's complaint illustrates his ability to articulate his claims in a coherent manner and even the instant motion is clear in outlining his reasons for requesting the appointment of counsel.  Finally, there is no indication that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this civil case.

Accordingly, at this time, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.**  (DE 8.)  Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: October 19, 2016          s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document sent to parties of record on October 19, 2016, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti